IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02005-BNB

EUGENE H. MATHISON,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Eugene H. Mathison, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Mathison initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a supporting brief. He paid the $5.00 filing fee.

The Court must construe liberally the habeas corpus application and the supporting brief because Mr. Mathison is representing himself. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See *Hall*,** 935 F.2d at 1110. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court, the judge must dismiss the [application] and direct the clerk to notify the [applicant]." Rule 1(b) of the Section 2254 Rules gives this Court the authority to apply the rules to other

habeas corpus cases, which includes the instant 28 U.S.C. § 2241 action. The Court finds that from the face of the application, Mr. Mathison is not entitled to relief.

Mr. Mathison is challenging the validity of his 1997 convictions and sentences on charges of conspiracy, fraud, and money laundering in the United States District Court for the District of South Dakota (District of South Dakota). He previously attacked in this Court the same District of South Dakota convictions and sentences. *See Mathison v. Wiley*, No. 08-cv-00009-ZLW (D. Colo. Feb. 15, 2008) (unpublished). On February 15, 2008, this Court dismissed No. 08-cv-00009-ZLW because Mr. Mathison had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the District of South Dakota. On March 3, 2008, this Court denied Mr. Mathison reconsideration of that dismissal. On June 17, 2008, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed. *See Mathison v. Wiley*, No. 08-1075 (10th Cir. June 17, 2008) (unpublished). The Tenth Circuit's affirmance states as follows:

> Eugene Mathison appeals the order entered by the United States District Court for the District of Colorado denying his application under 28 U.S.C. § 2241 for writ of habeas corpus. We affirm.
>
> In 1997, Petitioner was convicted in the United States District Court for the District of South Dakota of conspiracy, mail fraud, wire fraud, and money laundering. He was sentenced to a total of 246 months followed by three years of supervised release. He also was ordered to pay over $1.3 million in restitution. On direct appeal, the United States Court of Appeals for the Eighth Circuit affirmed. *See United States v. Mathison*, 157 F.3d 541 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999).
>
> In 2000, Petitioner filed his first 28 U.S.C. § 2255 motion in the district court for the District of South Dakota, which was denied as barred by the one-year statute of

2

limitations. On appeal, the Eighth Circuit denied a certificate of appealability and dismissed. *See Mathison v. United States*, No. 01-1078 (8th Cir. June 6, 2001) (unpublished). In 2001, he filed a second § 2255 motion in the District of South Dakota, which the district court denied. On appeal, the Eighth Circuit remanded the case with directions to dismiss the second § 2255 motion, for lack of subject matter jurisdiction, as a[n] unauthorized second or successive motion. *See Mathison v. United States*, No. 02-3926 (8th Cir. May 6, 2003) (unpublished). In 2003, he filed a third § 2255 motion, which the district court dismissed because Petitioner failed to obtain an order from the Eighth Circuit authorizing the district court to consider this third motion. On appeal, the Eighth Circuit denied a certificate of appealability and dismissed. *See Mathison v. United States*, No. 03-3202 (8th Cir. Nov. 26, 2003) (unpublished). Then, in 2006, Petitioner filed a motion for authorization to file second or successive § 2255 motions, which the Eighth Circuit denied. *See Mathison v. United States*, No. 06-1134 (8th Cir. Mar. 23, 2006) (unpublished).

In January 2008, while incarcerated at the Federal Prison Camp in Florence, Colorado, Eugene Mathison filed a § 2241 application in the District of Colorado setting forth several claims challenging his conviction and sentence in the District of South Dakota. The District of Colorado denied the § 2241 application, concluding that the appropriate remedy was under § 2255 in the District of South Dakota where Petitioner was convicted and sentenced, and not under § 2241 in the District of Colorado. This appeal followed.

We review *de novo* the district court's denial of Eugene Mathison's § 2241 application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, we conclude the district court was correct in denying the § 2241 application. A § 2241 petition is not the proper means to raise the claims alleged by Petitioner Mathison. A § 2255 motion in the District of South Dakota is the exclusive remedy for Petitioner to challenge his 1997 conviction and sentence, unless it is inadequate or ineffective. Petitioner, however, has not established the inadequacy or

> ineffectiveness of a § 2255 motion. The mere fact that he
> was denied relief under § 2255 does not establish that this
> statutory remedy is inadequate or ineffective. See
> Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). And
> the fact that he is precluded from filing another § 2255
> motion in the District of South Dakota does not establish that
> this statutory remedy is inadequate or ineffective. See
> Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).
> Although second or successive applications are restricted
> under the Antiterrorism and Effective Death Penalty Act,
> they are not prohibited. See 28 U.S.C. § § 2244(b)(2), 2255.
>
> The district court's February 15, 2008 Order and
> Judgment and March 3, 2008 Order denying reconsideration
> are affirmed.

No. 08-1075, slip op, at 1-4.

The Court takes judicial notice of the dismissal in No. 08-cv-00009-ZLW and the affirmance in No. 08-1075, and finds that the instant action is subject to dismissal for the same reasons, i.e., because Mr. Mathison has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the District of South Dakota. Accordingly, it is

ORDERED that the habeas corpus application is denied and the instant action is dismissed because Applicant, Eugene H. Mathison, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of South Dakota.

DATED at Denver, Colorado, this __1__ day of ____Oct.____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-02005-BNB

Eugene Mathison
Reg. No. 07835-073
FPC - Florence
PO Box 5000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/1/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk